UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                         Criminal Case No. 92-80760

v.

CHANDRA DEAN YOUNG,           Sean F. Cox
                                         United States District Court Judge

    Defendant.
_____/

## ORDER DENYING
## MOTION FOR EXPUNGEMENT

In this criminal action, Defendant Chandra Dean Young ("Young") was charged with conspiracy and fraudulent use of credit cards, and related offenses. Young pleaded guilty to Count 1 of the Indictment in 1992 and was sentenced by the judge who presided over the action, the Honorable Lawrence P. Zatkoff. Thereafter, Young served and completed her sentence.

On January 14, 2022, and acting *pro se*, Young filed a written submission asking this Court to expunge her criminal conviction. (ECF No. 65). It states, in its entirety:

> This letter is to request to have the court expunge the criminal record of Chandra Young.
>
> I am requesting that a Felony Conviction of 30 Years ago be expunged from my record as it is negatively impacting all my job opportunities because of my criminal background checks. I am a mother of 2 sons and grandmother of one. I have been at my job for 21 years. I am trying to take my life to the next level, and I hope that you can find it in your heart in giving me that second chance to do better in my future. I have set president [sic] to do better for my family and for myself.

(ECF No. 65).

1

This case was then reassigned to the undersigned judge, because Judge Zatkoff passed away several years ago. The Government filed a brief, opposing Young's motion and asserting that this Court lacks jurisdiction to expunge Young's conviction in this case. (ECF No. 69).

"Under the law of this circuit, there is some question whether a district court has ancillary jurisdiction over expungement motions." *United States v. Bowen*, 2021 WL 5052969 at *1 (N.D. Ohio Nov. 1, 2021) (citing and discussing *United States v. Lucido*, 612 F.3d 871, 876 (6th Cir. 2010) and *United States v. Doe*, 556 F.2d 391 (6th Cir. 1997)).

Assuming *arguendo* that this Court has jurisdiction to consider, in its discretion, whether to grant expungement, Young has not shown any extraordinary circumstances that would justify expungement in this case. That is because, where it exists, "expungement power is narrow and appropriately used only in extreme circumstances." *United States v. Robinson* WL 107129 at * 1 (6th Cir. 1996). "[F]ederal courts have most readily invoked the expungement power with respect to illegal convictions, convictions under statutes later deemed unconstitutional, and convictions obtained through governmental misconduct. Conversely, courts have uniformly denied expungement requests regarding valid convictions." *Id*. at *2 (citations omitted).

Here, Young does not challenge the validity of her conviction. Rather, she asserts that expungement will help further her employment opportunities. While this Court is sympathetic to Young's circumstances, she has not presented the Court with a valid basis to expunge her criminal conviction in this case. Accordingly, IT IS ORDERED that Young's motion is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  March 4, 2022